1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Keith McComb, | ) 2:14-CV-00941-RSWL-E |
|        Plaintiff, | ) |
|   vs. | ) **ORDER re: Plaintiff's Application for Default Judgment by Court Against Gloria Vejar and Alejandro Flores** [14] |
| Gloria Vejar; Alejandro Flores, | ) |
|        Defendants. | ) |

Currently before the Court is Plaintiff Keith McComb's ("Plaintiff") Application for Default Judgment [14] against Defendants Gloria Vejar and Alejandro Flores (collectively, "Defendants"), filed by Plaintiff on August 25, 2014.  Plaintiff requests Default Judgment against Defendants for violations of the Americans with Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"), and the California Disabled Persons Act ("CDPA"), and requests

1

relief in the amount of $4,000 in statutory damages
under the Unruh Act; $2,225 in attorney fees and costs
pursuant to 42 U.S.C. § 12205, Cal. Civ. Code §§ 52,
54.3, or Cal. Civ. Code § 1021.5; and injunctive relief
compelling Defendants to comply with the ADA and the
Unruh Act by creating handicap-accessible paths of
travel at Defendant's property, a carpet store.  Pl.'s
Appl. Def. J. 2:8-14, ECF No. 14; Pl.'s Appl. Def. J.
P&A 2:17-22; Pl.'s Appl. Def. J., [Proposed] J. 2;
Compl. ¶¶ 2-3, 9-29.

     The Court, having reviewed all papers submitted
pertaining to this Application, **NOW FINDS AND RULES AS
FOLLOWS:**  The Court **GRANTS** Plaintiff's Application for
Default Judgment [14].

**I. BACKGROUND**

     Plaintiff is a California resident and a paraplegic
who uses a wheelchair for mobility.  Compl. ¶ 1.
Plaintiff alleges that Defendant Alejandro Flores owns
and operates California Carpet Supply, a store located
at 16637 Lakewood Blvd., Bellflower, CA.[1]  Id. ¶ 2.

---

     [1] Plaintiff's Complaint and Application for Default
Judgment state that the store is named "California
Carpet" and is "at or about 16637 Lakewood Blvd., Los
Angeles, California."  Compl. ¶ 2.  The Proof of
Service indicates that the business is called
"California Carpet Supply" and is located at "16637

Defendant Gloria Vejar and Defendant Alejandro Flores are alleged to own the property at 16637 Lakewood Blvd., Bellflower, CA.   Id. ¶ 3.   Plaintiff alleges that when he went to California Carpet Supply ("Carpet store") in October of 2013, the Carpet store was not accessible to Plaintiff because the Carpet store could only be entered by stairs, which Plaintiff could not navigate in a wheelchair.   Id. ¶¶ 8, 10, 25.   Plaintiff claims that the Carpet store's entrance violates federal and state law because it does not have a ramp or lift to enable disabled persons to enter the business.   Id. ¶¶ 22-23, 24-29.

Plaintiff also alleges that the sales floor inside the Carpet store is not accessible to wheelchair users because the paths of travel are too narrow due to "moveable objects" in the aisles that make wheelchair navigation inside the Carpet store "extremely difficult."   Id. ¶ 12.   Plaintiff alleges that the paths of travel inside the Carpet store "narrow to widths" less than 36 inches wide, which Plaintiff claims violates federal regulations and state law. Compl. ¶¶ 20-21, 24-29.   Plaintiff alleges that Defendants have "no policy in place to keep moveable objects out of the aisles."   Id. ¶ 13.

Plaintiff filed this Action [1] on February 6,

---

Lakewood Blvd., Bellflower, CA."   Proof of Service on Def. Flores ¶ 2c, ECF No. 6.

2014.   Proof of Service on Defendant Gloria Vejar [5]
was filed on March 7, 2014, and on March 11, 2014 [7].
Proof of Service on Defendant Alejandro Flores [6] was
filed on March 11, 2014, and on October 23, 2014 [17].
On June 12, 2014, Plaintiff filed requests for Entry of
Default against Defendants [9] [10].   On June 13, 2014,
Default [11] was entered by the Clerk as to both
Defendants.   On August 25, 2014, Plaintiff filed this
present Application for Default Judgment against
Defendants [14].   The hearing was set for October 1,
2014, and the matter was taken under submission [16] by
the Court on September 24, 2014.   Plaintiff claims that
Notice of Plaintiff's Application for Default Judgment
was served on Defendants on June 12, 2014, by first
class U.S. mail, postage prepaid.   Pl.'s Appl. Default
J. ("Appl. Def. J.") 2:15-17.

## II. LEGAL STANDARD

Default judgment is within the discretion of the
district court.  Aldabe v. Aldabe, 616 F.2d 1089, 1092
(9th Cir. 1980); see Fed. R. Civ. P. 55.   A party
applying to the Court for default judgment must satisfy
both procedural and substantive requirements.   See
Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1005-06
(C.D. Cal. 2014).   Procedurally, the requirements set
forth in Federal Rules of Civil Procedure 55 and 56,
and Local Rule 55-1 must be met.   Id. at 1006.
Substantively, the Ninth Circuit has provided factors
for a district court to consider when determining

4

whether default judgment is proper, including whether the plaintiff has sufficiently established the defendant's liability.  Id. at 1005-07.

Additionally, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" prior to granting default judgment against a party who has failed to appear in the Action.  In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

### III. ANALYSIS

**A.**  **Subject Matter and Personal Jurisdiction**

1.  Subject Matter Jurisdiction

The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).  See Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004).

2.  Personal Jurisdiction

Generally, a defect in personal jurisdiction is a defense that must be asserted or waived by a party.  In re Tuli, 172 F.3d at 712 (citing Fed. R. Civ. P. 12(h)(1)).  But when a court is considering whether to enter default judgment, the court may dismiss the action or a party sua sponte for lack of personal jurisdiction, for a "judgment entered without personal jurisdiction over the parties is void."  Id.

a.  *Service of Process*

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient.  U.S.

1  <u>Commodity Futures Trading Comm'n v. Paron Capital</u>
2  <u>Mgmt., LLC</u>, No. 11-4577, 2012 WL 1156396, at *2 (N.D.
3  Cal. Apr. 6, 2012) (citing <u>Omni Capital Int'l v. Rudolf</u>
4  <u>Wolff & Co.</u>, 484 U.S. 97, 104 (1987)).   Service of
5  process is governed by Rule 4 of the Federal Rules of
6  Civil Procedure.   Fed. R. Civ. P. 4.   Rule 4 permits
7  service of process on an individual within a judicial
8  district of the United States by personal service.
9  Fed. R. Civ. P. 4(e)(2)(A).

10      The Court finds that Defendant Gloria Vejar was
11  properly served by Plaintiff pursuant to Fed. R. Civ.
12  P. 4(e)(2)(A), as Plaintiff's Proof of Service
13  indicates that Defendant Gloria Vejar was personally
14  served on February 15, 2014, at 3:43 PM in Bellflower,
15  California, by Albert Palomera, a registered California
16  process server who signed the Proof of Service on
17  February 19, 2014.   Proof of Service on Def. Vejar 1-2,
18  ECF No. 5; <u>see</u> <u>SEC v. Internet Solutions for Bus. Inc.</u>,
19  509 F.3d 1161, 1166 (9th Cir. 2007) (a signed proof of
20  service "constitutes prima facie evidence of valid
21  service which can be overcome only by strong and
22  convincing evidence" (internal quotation marks
23  omitted)).

24      The Court finds that Defendant Alejandro Flores
25  ("Defendant Flores") was properly served by Plaintiff
26  pursuant to Fed. R. Civ. P. 4(e)(1), which permits
27  service of process on an individual that complies with
28  "state law for serving a summons in an action brought

in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Plaintiff's Proof of Service indicates that Defendant Flores was served in California and in compliance with California Civil Procedure.  Proof of Service on Def. Flores 1, ECF No. 17.

California Code of Civil Procedure § 415.20(b) allows service of process on an individual by leaving a copy of the summons and complaint at the individual's usual place of business "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served."  Cal. Civ. Proc. Code § 415.20(b).  "[T]wo to three attempts at personal service at a proper place" is sufficient to show "reasonable diligence" under California law.  Bein v. Brechtel-Jochim Grp., Inc., 8 Cal. Rptr. 2d 351, 353 (Cal. App. Ct. 1992).  Here, the process server established "reasonable diligence" by stating in his Affidavit attached to the Proof of Service that he tried three times to personally serve Defendant Flores at California Carpet Supply, the business that Flores allegedly owns and operates.[2]  Proof of Service on Def.

---

[2] Defendant Flores's "usual place of business" is a "proper place," as a defendant is likely to be present on a regular basis at his usual place of business.

Flores 1; Compl. ¶¶ 2-3.

When service is made under Section 415.20(b), the copy of the summons and complaint left at the person's usual place of business must be left in the presence of a person "apparently in charge" of the office or place of business who is "at least 18 years of age" and who is "informed of the contents thereof." Cal. Civ. Proc. Code § 415.20(b). Plaintiff's Proof of Service states that Defendant Flores's papers were left with Defendant Vejar, and the Proof of Service states that Defendant Vejar was the "Store manager"[3] and "apparently in charge

---

Coomes v. Shamji, 260 F. App'x 988, 988 (9th Cir. 2007) (noting that "three previous service attempts" at the defendants' usual place of business "constituted the requisite 'reasonable diligence'" under Cal. Civ. Proc. Code § 415.20(b)).

[3] A store manager is a person "apparently in charge" of a store. See, e.g., Coomes, 260 F. App'x at 988 (stating that service of process was proper under Cal. Civ. Proc. Code § 415.20 when the complaint and summons were "left with the managing agent" of the defendant's "usual place of business" (internal quotation marks omitted)); Ellard v. Conway, 114 Cal. Rptr. 2d 399, 403 (Cal. Ct. App. 2001).

1  of the office of place of business, at least 18 years
2  of age, . . . [and] informed of the general nature of
3  the papers."  Proof of Service on Def. Flores 1.

4      Finally, Section 415.20 requires a copy of the
5  summons and complaint to be mailed "by first-class
6  mail, postage prepaid to the person to be served at the
7  place where a copy of the summons and complaint were
8  left."  Cal. Civ. Proc. Code § 415.20(b).  California
9  law considers service of process "complete on the 10th
10 day after the mailing."  Cal. Civ. Proc. Code §
11 415.20(b).  Here, Plaintiff's Proof of Service
12 indicates that Defendant Flores's papers were mailed to
13 California Carpet Supply on February 17, 2014.  Proof
14 of Service on Def. Flores 1.  Thus, Plaintiff has
15 provided sufficient evidence to show that service of
16 process on Defendant Flores was proper and complete on
17 February 27, 2014.  See Cal. Civ. Proc. Code §
18 415.20(b); Fed. R. Civ. P. 4(m); see also Hamilton
19 Beach Brands, Inc. v. Metric & Inch Tools, Inc.,614 F.
20 Supp. 2d 1056 (C.D. Cal. 2009); Stafford v. Mach, 75
21 Cal. Rptr. 2d 809, 815 (Cal. Ct. App. 1998).

22          b.  *Personal Jurisdiction*

23     Plaintiff does not state the residence, domicile,
24 or citizenship of Defendant Vejar or Defendant Flores.
25 See Compl. ¶¶ 1-4.  Nevertheless, personal jurisdiction
26 is proper over Defendant Vejar because she was properly
27 served in California by personal service.  Proof of
28 Service on Def. Vejar 1; Burnham v. Sup. Ct. Cal.,

Cnty. Marin, 495 U.S. 604, 628 (1990) (holding that personal jurisdiction based on in-state personal service of process on the defendant comports with due process); Lu v. China Bowl, No. C-07-04951, 2008 WL 191193, at *1 (N.D. Cal. Jan. 22, 2008) (noting that the "traditional grounds for personal jurisdiction" include when a defendant is served in the forum state).

Defendant Flores has sufficient contacts with California to be subject to general personal jurisdiction because Defendant Flores owns and operates a business located in California, as well as owns the California property where the business is located. Compl. ¶ 2-3.  Such contacts with California are "continuous and systematic" such that Defendant Flores should expect to be subject to the jurisdiction of courts in California.  Amini Innovation Corp. v. JS Imports, Inc., 497 F. Supp. 1093, 1101 (C.D. Cal. 2007) (citing Perkins v. Benquet Consolidated Mining Co., 432 U.S. 437, 445 (1952)).  Additionally, Plaintiff's claims "arise out of or relate to" Defendant Flores's "purposefully directed" contacts with California, his property and business located in California.  Thus, Defendant Flores would also be subject to the specific personal jurisdiction of this Court.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985).

**B.   Procedural Requirements**

Upon reviewing Plaintiff's Application, the Court finds that Plaintiff has satisfied the applicable

procedural requirements for entry of default judgment.
See Fed. R. Civ. P. 54, 55; C.D. Cal. Civ. L.R. 55-1;
Appl. Def. J. 1-2; Appl. Def. J., Potter Decl. ¶ 2.

**C.   Substantive Factors**

Whether to grant or deny default judgment is a
matter within the court's discretion.  Vogel, 992 F.
Supp. 2d at 1005.  The Ninth Circuit established seven
factors, discussed below, to assist a court in
determining whether default judgment is substantively
appropriate.  Eitel v. McCool, 782 F.2d 1470, 1472-73
(9th Cir. 1986).  In evaluating a motion for default
judgment, a court deems the complaint's factual
allegations, other than those relating to the amount of
actual damages, to be true.  Derek Andrew, Inc. v. Poof
Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).
Here, the Court finds that the Eitel factors weigh in
favor of default judgment against Defendant Vejar.


1.   Prejudice to Plaintiff

The first factor considers the extent to which the
plaintiff will suffer prejudice if a default judgment
is not entered.  Vogel, 992 F. Supp. 2d at 1007. As
Plaintiff has argued, absent default judgment,
Plaintiff will be without a remedy for the past
discrimination he has experience, and will be unable to
prevent future discrimination by Defendants.  This
factor weighs in favor of default judgment.  See id.

2. & 3.   Merits of Substantive Claim &

11

1

## Sufficiency of Complaint

2    The second and third _Eitel_ factors combined
3 "require that plaintiff's allegations state a claim on
4 which [it] may recover." _Vogel_, 992 F. Supp. 2d at
5 1007. A court must find that "the unchallenged facts
6 constitute a legitimate cause of action" to properly
7 grant default judgment for the plaintiff. _Vogel_, F.
8 Supp. 2d at 1005. Plaintiff's Complaint pleads three
9 causes of action: discrimination in violation of the
10 ADA, the Unruh Act, and the CDPA. Compl. 4-6.
11 Plaintiff's Application for Default Judgment requests
12 injunctive relief under the ADA claim, statutory
13 damages under the Unruh Act claim, and attorney fees
14 under either the ADA or the Unruh Act. Appl. Def. J.
15 2:8-14; Appl. Def. J. P&A 2:13-24, 6:2-13, 9:1-7.
16 Because Plaintiff does not request any relief under the
17 CDPA, Plaintiff's CDPA claim will not be discussed.

18

19    a.  _ADA Claim_

20    The ADA prohibits discrimination "on the basis of
21 disability in the full and equal enjoyment of the . . .
22 facilities . . . of any place of public accommodation
23 by any person who owns, leases (or leases to), or
24 operates a place of public accommodation." 42 U.S.C. §
25 12182(a). "To prevail on a Title III discrimination
26 claim, the plaintiff must show that (1) [he] is
27 disabled within the meaning of the ADA; (2) the
28 defendant is a private entity that owns, leases, or

operates a place of public accommodation; and (3) the
plaintiff was denied public accommodations by the
defendant because of his disability." <u>Vogel</u>, 992 F.
Supp. 2d at 1007 (quoting <u>Molski v. M.J. Cable, Inc.</u>,
481 F.3d 724, 730 (9th Cir.2007)).[4]

> i.   *Disabled Under the ADA*

The ADA defines disability as "[a] physical or
mental impairment that substantially limits one or more
major life activities . . .[,] a record of such an
impairment[,] or being regarded as having such an
impairment."  42 U.S.C. § 12102(1).  A "major life
activity" under the ADA includes walking and standing.
42 U.S.C. § 12102(2)(A).  Here, Plaintiff has alleged
that he is a paraplegic who cannot walk and who must
use a wheelchair for mobility.  Compl. ¶ 1; <u>see</u> Appl.
Def. J. 4:12-17; Appl. Def. J., McComb Decl. ¶ 2.

_____

[4] A plaintiff must also have Article III standing
to bring an ADA claim.  <u>Chapman v. Pier 1 Imps. (U.S.)
Inc.</u>, 631 F.3d 939, 946-47 (9th Cir. 2011).  The Court
finds that Plaintiff has standing, as Plaintiff has
alleged facts showing an injury in fact, that the
injury is traceable to Defendants' challenged conduct,
and that the injury can be redressed by a favorable
judicial judgment.  <u>Vogel</u>, 992 F. Supp. 2d at 1008; <u>see</u>
Compl. ¶¶ 11-15, 17-23.

Plaintiff has sufficiently alleged facts showing that
he is "disabled within the meaning of the ADA." <u>Vogel</u>,
992 F. Supp. 2d at 1007.

### ii. *Public Accommodation*

Plaintiff alleges that Defendants own the property
at issue, that Defendant Flores owns and operates the
Carpet store, and that the Carpet store is a business
open to the public.  Compl. ¶¶ 2-3, 9.  Such facts are
sufficient to show that Defendants are individuals who
own or operate a place of public accommodation, as a
"sales establishment" is a public accommodation under
the ADA.  <u>Vogel</u>, 992 F. Supp. 2d at 1007; 42 U.S.C. §
12181(7)(E).

### iii. *Denied Full and Equal Enjoyment*

Plaintiff alleges sufficient facts to show that he
"was denied public accommodations by the defendant
because of his disability." <u>Vogel</u>, 992 F. Supp. 2d at
1007.  Plaintiff alleges that he was denied access to
the Carpet store, a public accommodation, because of
his disability, which includes an inability to walk.
Compl. ¶¶ 10-15, 21, 23.  Plaintiff could not enter the
Carpet store because he could not navigate the stairs
at the entrance in a wheelchair.  <u>Id.</u>  Plaintiff
alleges that he was not able to enter the store at all
due to the stairway entrance, thus showing that he was
denied "full and equal" access to the Carpet store.
Compl. ¶¶ 11-12; Appl. Def. J., McComb Decl. ¶¶ 3-5.

Plaintiff alleges that his injury is due to

architectural barriers on the property where the Carpet store is located.   Compl. ¶¶ 9-15.   Under the ADA, it is discriminatory to fail to "remove architectural barriers . . . where such removal is readily achievable."   42 U.S.C. § 12182(b)(2)(A)(iv).

> iv.   *Architectural Barriers Claim*

An "ADA architectural barriers claim" requires a showing of two additional elements: that "(1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable."   <u>Vogel</u>, 992 F. Supp. 2d at 1008.   The ADA Accessibility Guidelines "provide[] the standard for determining a violation of the ADA."   <u>Martinez v. Columbia Sportswear USA Corp.</u>, 859 F. Supp. 2d 1174 (E.D. Cal. 2012).

Here, Plaintiff alleges facts showing that the Carpet store is an existing place of business with a stairway at its entrance, Compl. ¶ 23, and claims that such an architectural barrier is in violation of the 1991 ADA Accessibility Guidelines ("ADAAG"), codified as amended at 28 C.F.R., Part 36, App. D § 4.3.2, which requires an accessible path of travel free from stairs or steps.   Compl. ¶¶ 17-22.   Plaintiff also alleges that the Carpet store's aisles are more narrow than the minimum 36-inches width required by the 1991 ADAAG §§ 4.3.3 and 403.5.1.   Compl. ¶¶ 20-21.   Because Plaintiff

has alleged at least two violations of the ADAAG,[5] Plaintiff has shown that Defendants' business has "architectural barriers prohibited by the ADA."  <u>Vogel</u>, 992 F. Supp. 2d at 1008.

Plaintiff argues that he does not have to show that "the removal of the barrier is readily achievable,"[6]

---

[5] The 1991 ADA Accessibility Guidelines (1991 ADAAG) state that "[a]t least one accessible route shall connect accessible buildings, facilities, elements, and spaces that are on the same site."  1991 ADAAG § 4.3.2(2), <u>codified as amended at</u> 28 C.F.R., Pt. 36, App. D § 4.3.2(2), <u>available at</u> http://www.ada.gov/1991standards/adastd94-archive.pdf. The 1991 ADAAG also state that "[i]f an accessible route has changes in level greater than 1/2 in[.] (13 mm), then a curb ramp, ramp, or platform lift . . . shall be provided," as "[a]n accessible route does not include stairs, steps, or escalators."  <u>Id.</u> § 4.3.8. Finally, the ADAAG requires "a minimum clear width of an accessible route" to be 36 inches except at doors. <u>Id.</u> § 4.3.3.

[6] "An action is 'readily achievable' if it is 'easily accomplishable and able to be carried out

16

because Defendants have the burden to plead and prove

without much difficulty or expense.'" Hubbard v. Rite

Aid Corp., 433 F. Supp. 2d 1150, 1167-68 (S.D. Cal.

2006) (quoting 42 U.S.C. § 12181(9)). "In determining

whether an action is 'readily achievable,' the

following four factors are considered: A) the nature

and cost of the action needed under this chapter; B)

the overall financial resources of the facility or

facilities involved in the action; the number of

persons employed at such facility; the effect on

expenses and resources, or the impact otherwise of such

action upon the operation of the facility; C) the

overall financial resources of the covered entity; the

overall size of the business of a covered entity with

respect to the number of its employees; the number,

type, and location of its facilities; and D) the type

of operation or operations of the covered entity,

including the composition, structure, and functions of

the workforce of such entity; the geographic

separateness, administrative or fiscal relationship of

the facility or facilities in question to the covered

entity." Id. at 1167-68 (citing 42 U.S.C. § 12181(9)).

that the removal of an architectural barrier is *not* "readily achievable" as an affirmative defense. Appl. Def. J. P&A 5:10-21.

The Ninth Circuit has not decided which party has the burden of proving that removal of an architectural barrier is readily achievable. <u>Moore v. Robinson Oil Corp.</u>, No. 12-16536, 2014 WL 5286518 (9th Cir. Oct. 16, 2014). The majority of federal courts, and the majority of district courts in this Circuit, have held that the "readily achievable" element is an affirmative defense for which the defendant bears the ultimate burden of persuasion. <u>See Vogel</u>, 992. F. Supp. 2d at 1010; <u>Hubbard v. Rite Aid Corp.</u>, 433 F. Supp. 2d 1150, 1168 (S.D. Cal. 2006). The majority of district courts apply the Tenth Circuit's burden-shifting scheme, which requires the plaintiff to bear the initial burden of producing evidence that supports a finding that removal is readily achievable, and which only then shifts the ultimate burden of persuasion to the defendant. <u>See Vogel</u>, 992. F. Supp. 2d at 1010 (citing <u>Colo. Cross Disability v. Hermanson Family, Ltd.</u>, 264 F.3d 999 (10th Cir. 2001)).

Here, Plaintiff does not expressly argue or claim that removal of Defendants' unlawful architectural barriers would be "readily achievable." <u>See</u> Appl. Def. J. P&A 5:10-21. Plaintiff cites to <u>Vogel v. Rite Aid Corp.</u>, 992 F. Supp. 2d 998 (C.D. Cal. 2014) and <u>Wilson v. Haria & Gogri Corp.</u>, 479 F. Supp. 2d 1127 (E.D. Cal.

2007) for Plaintiff's contention that if a defendant does not appear in an action, the plaintiff does not have to show any evidence that removal of architectural barriers is readily achievable. Appl. Def. J. P&A 5:10-21. The Court rejects this contention[7] "especially

---

[7] _Vogel_ does not support Plaintiff's contention; the plaintiff in _Vogel_ did offer evidence that removal of the barriers at issue was readily achievable. 992 F. Supp. 2d at 1011. _Wilson_ appears at first glance to support Plaintiff's contention, but it is significant that _Wilson_ was not a default-judgment case: the defendant in _Wilson_ _had_ appeared in the action and had failed to assert the "readily achievable" defense in its Answer, thereby clearly waiving that defense. 479 F. Supp. 2d at 1133. Thus, _Wilson_ does not stand for the rule that if a defendant fails to _appear_ in an action, the plaintiff does not have to provide evidence that removal of architectural barriers is readily achievable; instead, _Wilson_ stands for the principle that when a defendant _does appear_ and fails to assert in his answer or responsive pleading that removing a barrier is not readily achievable, the plaintiff need

in the context of a default judgment proceeding," and will instead follow the "overwhelming majority of federal courts that apply the burden-shifting framework of *Colo. Cross*."[8]   <u>Sceper</u>, No. 09-0801, 2009 WL 3763823,

---

not provide evidence on that issue because the defendant has already affirmatively communicated that the issue is not contested.  <u>See</u> <u>id.</u> at 1133 n.7 (noting that plaintiff need not provide evidence regarding barrier removal "where such evidence would be *unnecessary*, given defendant's waiver" (emphasis added)).

[8] The Ninth Circuit declined to apply the Tenth Circuit's burden-shifting scheme to barrier removal in historic buildings because ADAAG 4.1.7 requires defendants to consult with the State Historic Preservation Officer prior to making any alterations to historic buildings.  <u>Molksi v. Foley Estates Vineyard & Winery, LLC</u>, 531 F.3d 1043, 1048 (9th Cir. 2008).  The Ninth Circuit reasoned that the requirement in ADAAG 4.1.7 placed the burden of showing that barrier removal was "readily achievable" on the defendant because the defendant was the "party with the best access to

at *3 (E.D. Cal. Nov. 3, 2009).  As the district court
stated in Vesecky v. Garick, Inc., "until the Ninth
Circuit provides . . . specific instruction to the
lower courts," the plaintiff "has the initial burden to
produce evidence that removal of the barriers . . .
[is] readily achievable . . . ."  Vesecky, No. 07-1173,
2008 WL 4446714, at *3 (D. Az. Sept. 30, 2008).

Plaintiff has provided some evidence that removal
of the Carpet store's architectural barriers is
"readily achievable."  Plaintiff provides photographs
of the aisles inside the Carpet store, which show some
of the "moveable objects" that are obstructing the
pathways.  See Appl. Def. J., Ex 4.  The photographs
strongly suggest that simply moving the "moveable
objects" would be readily achievable.  See Appl. Def.

---

information regarding the historical significance of
the building."  Id.  Though the Ninth Circuit stated in
its opinion that the "congressional intent behind the
ADA support[s] placing the burden of production on the
defendant," id., since Molski, district courts in this
Circuit have refused to apply Molski outside the
historic-building context, see, e.g., Sceper v. Trucks
Plus, No. 09-0801, 2009 WL 3763823, at *3 (E.D. Cal.
Nov. 3, 2009); Vesecky v. Garick, Inc., No. 07-1173,
2008 WL 4446714, at *3 (D. Ariz. Sept. 30, 2008).

J., Ex 4.

The photographs of the entrance-way steps do not show whether installing a ramp or a lift would be "readily achievable." See Appl. Def. J., Ex 4. However, Plaintiff alleges in its Complaint that "failure to remove these barriers was intentional because: . . . had the defendants intended any other configuration, *they had the means and ability to make the change*." Compl. ¶ 14 (emphasis added). This allegation is sufficient to meet Plaintiff's burden of production.[9] See Vogel, 992 F. Supp. 2d at 1011 (finding that plaintiff met its burden of production by alleging that defendant knew about the architectural barriers and had the financial resources to remove the barriers without difficulty or expense); Sceper, 2009 WL 3763823, at *4 (finding that the plaintiff's bare allegation that "pursuant to [the ADA and ADAAG], Defendants are required to remove architectural barriers to their existing facilities" was sufficient

_____

[9] To protect Defendants in this default-judgment context, any injunctive relief will be limited to requiring compliance with the ADAAG, which will protect Defendants from having to remove architectural barriers whose removal is not "readily achievable," as defined by the ADAAG. See 28 C.F.R. § 36.304(a); see, e.g., Sceper, 2009 WL 3763823, at *4.

to meet the burden of production). Thus, the Court finds that Plaintiff's factual allegations support a meritorious ADA claim.

ii. *Unruh Act & CDPA Claims*

A violation of the ADA is a violation of the Unruh Act, Cal. Civ. Code § 51(f), and the CDPA, Cal. Civ. Code § 54.1(d). Because Plaintiff alleges a meritorious ADA claim, Plaintiff has sufficiently alleged a meritorious claim under both the Unruh Act and the CDPA. See Vogel, 992 F. Supp. 2d at 1012; Compl. ¶¶ 24-26.

Factors two and three weigh in favor of default judgment.

4. Sum of Money at Stake in Action

Default judgment is disfavored when a large amount of money is involved and is unreasonable in light of the potential loss caused by the defendant's actions. Vogel, 992 F. Supp. 2d at 1012. Plaintiff's requested judgment of $6,225, plus the costs to Defendants of complying with the requested injunctive relief, is not a "large amount of money," nor is it "unreasonable" in light of Plaintiff's injury. See, e.g., id.

5. Disputed Material Facts

Because Defendants have failed to respond or appear in this action, there is no possibility of a dispute concerning material facts, as all facts alleged in the Complaint, except those relating to the amount of actual damages, are deemed admitted by the defendant

23

once default has been properly entered against the defendant.  <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977); <u>see</u> Fed. R. Civ. P. 8(b)(6).  This factor weighs in favor of default judgment.  <u>See, e.g.</u>, <u>Vogel</u>, 992 F. Supp. 2d at 1012–13.

### 6.  Excusable Neglect

There is no indication that Defendants have defaulted due to excusable neglect.  Plaintiff served Defendants properly and has also mailed Defendants a copy of this Application for Default Judgment.  Appl. Def. J. 2.  To date, Defendants have not appeared.  This factor weighs in favor of default judgment.  <u>See, e.g.</u>, <u>Moroccanoil</u>, 847 F. Supp. 2d at 1202.

### 7.  Policy Favoring Decisions on the Merits

While cases "should be decided upon their merits whenever reasonably possible," <u>Eitel</u>, 782 F.2d at 1472, when a party, like Defendants, has failed to appear or respond in an action, default judgment may be the only just means to remedy a violation of rights, <u>see</u> <u>Moroccanoil</u>, 847 F. Supp. 2d at 1203.  This factor does not weigh against default judgment.

In light of the <u>Eitel</u> factors, granting default judgment against Defendants is appropriate.

### D.  Requested Relief

The Court has "wide latitude" and discretion in determining the amount of damages and other relief to award upon default judgment.  <u>Elektra Entm't Grp. Inc. v. Crawford</u>, 226 F.R.D. 388, 394 (C.D. Cal. 2005)

24

(citing <u>James v. Frame</u>, 6 F.3d 307, 310 (9th Cir. 1993)).  Monetary damages are appropriate in a default judgment if the amount is a liquidated sum or capable of mathematical calculation, such as when statutory damages are elected; in such a case, the actual amount of monetary damages need not be "proved up."  <u>Davis v. Fendler</u>, 650 F.2d 1154, 1161 (9th Cir. 1981).

Here, Plaintiff requests $4,000 in statutory damages under the Unruh Act, $2,225 in attorney fees and costs under the Unruh Act or 42 U.S.C. § 12205, and injunctive relief under the ADA or the Unruh Act. Compl. 7; Appl. Def. J. 2:8-14, 6:8-12.

### 1.   Statutory Damages

To recover statutory damages under the Unruh Act, Plaintiff must show that he was denied by Defendants "full and equal access" to the Carpet store.  Cal. Civ. Code § 55.56(a); <u>see</u> <u>Vogel</u>, 992 F. Supp. 2d at 1014; <u>Hubbard v. Twin Oaks Health & Rehab. Ctr.</u>, 408 F. Supp. 2d 923, 932 (E.D. Cal. 2004).  "A plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion."  Cal. Civ. Code § 55.56(b).

Here, Plaintiff has shown that in October 2013, Plaintiff personally encountered the Carpet store's

stairway entrance that denied him access to the Carpet store, which violates the ADA and thus also the Unruh Act.  Compl. ¶¶ 8-12.  Plaintiff is therefore entitled to recover his requested $4,000 in statutory damages. Cal. Civ. Code § 52(a).

### 2.   Attorney Fees

Plaintiff may recover reasonable attorney fees under Chapter 126 of Title 42 of the U.S. Code, which states that the Court may, in its discretion, allow the prevailing party a "reasonable attorney's fee, including litigation expenses and costs" for a violation of Chapter 126, which includes Plaintiff's ADA claim made pursuant to 42 U.S.C. § 12182.  42 U.S.C. § 12205.  Plaintiff may also recover attorney fees, "as determined by the Court," pursuant to the Unruh Act.  Cal. Civ. Code § 52(a); see Hubbard, 406 F. Supp. 2d at 1098.

Local Rule 55-3 states that, in the context of a default judgment, when an applicable statute provides for the recovery of "reasonable" attorneys' fees, the fees are to be calculated pursuant to the schedule set forth in Rule 55-3.  Cal. C.D. Civ. L.R. 55-3; Vogel, 992 F. Supp. 2d at 1016.  Local Rule 55-3 also states that an attorney "claiming a fee in excess of this schedule may file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court," and the Court "shall hear the request and render judgment for such fee as the Court

1   may deem reasonable."  Cal. C.D. Civ. L.R. 55-3.

2       Plaintiff has made a written request to the Court
3   asking for $2,225 in attorneys' fees.  Appl. Def. J. 9-
4   10.  Pursuant to Local Rule 55-3, the Court will
5   consider this request.  Cal. C.D. Civ. L.R. 55-3.
6   Plaintiff argues that "[b]ecause the sole remedy under
7   [a Title III ADA claim] is equitable, one cannot
8   calculate the 'amount of judgment to arrive at a fee
9   award,'" as required by the Rule 55-3 fee schedule.
10  Appl. Def. J. P&A 9:8-22.  Plaintiff also argues that
11  the Local Rule 55-3 fee schedule is inappropriate in
12  "small dollar civil rights cases" because the fee
13  schedule "creates a proportionality rule between damage
14  recovery and attorney fee award," which, Plaintiff
15  claims, is against public policy and has been rejected
16  by the Supreme Court in the context of civil rights
17  cases.  Id. at 9:23-10:12 (citing City of Riverside v.
18  Rivera, 477 U.S. 561, 578 (1986)).

19      Plaintiff's arguments are persuasive and supported
20  by case law.  In Blackwell v. Foley, the district court
21  acknowledged that damages under the ADA are "always
22  zero," and "damages are not considered the primary
23  purpose of California laws protecting physically
24  disabled persons."  724 F. Supp. 2d 1068, 1077 (N.D.
25  Cal. 2010).  The district court explained that "[i]f
26  fees were limited by the amount of damages, no matter
27  how meritorious the clients' claims might be, attorneys
28  simply would not take these cases."  Id.

Such reasoning is consistent with <u>City of Riverside v. Rivera</u>, in which the Supreme Court stated that, due to the nature of civil rights actions, it is inappropriate in such actions to limit a plaintiff's fee award to a "rule of proportionality" that depends on the amount of damages recovered.  477 U.S. 561, 574-80.  The Supreme Court stated that lawyers litigating successful civil rights cases should be awarded "for all time reasonably expended on a case." <u>Id.</u> at 578-80.  As such, the Court will award Plaintiff a "reasonable" attorney fee.  <u>See id.</u>

The Ninth Circuit uses the lodestar method to determine "reasonable attorneys' fees." <u>Camacho v. Bridgeport Fin., Inc.</u>, 523 F.3d 973, 978 (9th Cir. 2008).  The lodestar method calculates a "reasonable fee" by multiplying "the number of hours reasonably expended" by "a reasonable hourly rate." <u>Antoninetti v. Chipotle Mexican Grill, Inc.</u>, No. 06-CV-02671-BTM-JLB, 2014 WL 4854275, at *2 (S.D. Cal. Sept. 29, 2014) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)).  The Court finds that the 4.2 hours expended on this case, the $440 in filing fees and service costs, and the $425 per-hour rate charged by Plaintiff's attorney are reasonable.  <u>See</u> Appl. Def. J., Potter Decl. ¶¶ 1, 5, 7; <u>see, e.g.</u>, <u>Arroyo v. Svela</u>, No. 10-7814, 2012 WL 3308427, at *2 (C.D. Cal. Aug. 13, 2012) (finding the same attorney's $425 per-hour fee reasonable due to extensive experience in a

specialized field, and awarding $48,660 in attorneys'
fees and costs in a similar case where the plaintiff
was awarded injunctive relief under the ADA and $4,000
in statutory damages under the Unruh Act).

The Court will therefore award Plaintiff $2,225 in
attorney fees and costs pursuant to 42 U.S.C. § 12205
and Cal. Civ. Code § 52(a).

3.   Injunctive Relief

Plaintiff seeks injunctive relief in the form of an
Order "compelling defendants to comply with the
Americans with Disabilities Act and the Unruh Civil
Rights Act."  Compl. 7 ¶ 1.  The Court has authority to
grant injunctive relief under both the Unruh Act and
the ADA.  Cal. Civ. Code § 52.1(b); 42 U.S.C. § 12188.
Plaintiff need not show the prerequisites generally
required for injunctive relief "when an injunction is
sought to prevent the violation of a federal statute
[that] specifically provides for injunctive relief."
Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 859
(N.D. Cal. 2011) (quoting Antoninetti v. Chipotle
Mexican Grill, Inc., 643 F.3d 1165, 1175-76 (9th Cir.
2010)).  "Under the ADA, injunctive relief is proper
when architectural barriers at the defendant's
establishment violate the ADA and the removal of the
barriers is readily achievable."  Vogel, 992 F. Supp.
2d at 1015; see 42 U.S.C. § (b)(2)(A)(iv).  As
discussed above, Plaintiff has established these
elements.  See Wilson, 479 F. Supp. at 1167.  Thus,

the Court will grant Plaintiff's requested injunctive relief, as specified below.

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Application for Default Judgment [14] and **GRANTS** the following relief:

1. Plaintiff is awarded $4,000.00 in statutory damages pursuant to Cal. Civ. Code § 52(a);

2. Plaintiff is awarded reasonable attorney fees and costs in the amount of $2,225.00 pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52(a);

3. Defendants are **ORDERED** to provide handicap-accessible paths of travel in compliance with the Americans with Disabilities Act Accessibility Guidelines at the property located at 16637 Lakewood Blvd., Bellflower, California.


**IT IS SO ORDERED.**

DATED: October 28, 2014

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge